IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

DWAYNE A. KEINON,

        Plaintiff

v.

TA OPERATING, LLC d/b/a TRAVELCENTERS OF AMERICA, believed to be a Delaware Limited Liability Company,

        Defendant.

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

COMES NOW Plaintiff, by and through his attorney, Jeffrey Scott Lasswell, P.C., and for his Complaint against Defendant, states and alleges:

### JURISDICITON AND VENUE

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is seeking more than $75,000.00, exclusive of interests and costs and the parties are citizens of different states.

2. Venue is proper pursuant to 28 U.S.C.1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

## BACKGROUND AND FACTS

3. Defendant TA OPERATING, LLC d/b/a TRAVELCENTERS OF AMERICA (hereafter referred to as "TRAVELCENTERS" or "Defendant") is the owner of certain real property located at 455 US-85, Walsenburg, Colorado (hereafter, "the property").

4. Prior to December 17, 2019, Defendant allowed an unreasonably dangerous condition to form and exist on its property in the form of ice on the ground near a fuel pump where its customers refueled their semi-tractor trailers.

5. On December 17, 2019 Plaintiff stopped at the property to refuel his commercial tractor trailer and pulled up next to one of the gas pumps with ice on the ground next to, or near, the pump.

6. Weather data from the U.S. Department of Commerce, National Oceanic & Atmospheric Administration (NOAA) shows that on December 16, 2019 nine to ten inches of snow had accumulated in Walsenburg, Colorado.

7. The temperatures went above and below freezing over the next 24 hours, and 0.74 inches of melted snow was on the ground on December 17, 2019.

8. That combination of precipitation and fluctuating temperatures caused the snow to melt, then freeze and form ice on Defendant's property including the area near and around the gas pumps.

9. As a result, while in the process of fueling his rig, Plaintiff was caused to slip and fall on the ice that Defendant had allowed to form and accumulate near the pump.

10. Prior to Plaintiff's arrival, Defendant had not remediated the ice by the application of ice melt.

11. Nor had Defendant taken any other measure to remove the ice such as shoveling or breaking it apart.

12. As a direct and proximate result of Plaintiff falling, Plaintiff has suffered, and continues to suffer, serious physical injuries, including torn ligaments in both of his legs, endured pain and suffering, been forced out of the heavy physical work of hauling cars and therefore lost past wages and had his earning capacity impaired.

FIRST CLAIM FOR RELEIF
COLORADO'S PREMISES LIABIITY ACT
(C.R.S. 13-21-115)

13. Plaintiff restates all the above as if fully set forth.

14. On the date of the fall referenced above, Defendant owned the property according to the Huerfano County Assessor's office.

15. Defendant was legally responsible for the condition of the property and the activities conducted or circumstances existing on the property by virtue of running a for profit business open to the public at the property because Defendant was responsible for ensuring ice was not allowed to form around the pumps, and if it did form, to properly remediate it.

16. Plaintiff was a "licensee" for the purposes of C.R.S. §13-21-115 in that he was a customer of Defendant at and near the time of the fall.  He had stopped there to purchase fuel for his truck as well as other items form Defendant.

17. By allowing ice to form and exist on the ground near a fuel pump on the property where its customers were expected to walk, refuel and enter and exit their vehicles, Defendant unreasonably failed to exercise reasonable care to protect against dangers of which it actually knew or should have known.

18. Defendant had actual knowledge of the ice in the area where Plaintiff fell because after the fall, the store manager told Plaintiff and first responders that she had seen the ice, but had gotten busy and failed to put down ice melt or have the ice removed.

19. Further, Defendant should have known about the ice on the ground where Plaintiff was caused to fall because Defendant was the one who took on the responsibility of putting ice melt down, and therefore should have inspected the grounds as needed, especially in light of snow accumulating the day before and fluctuating temperatures.

20. As a direct and proximate result of Plaintiff falling, Plaintiff has suffered, and continues to suffer, serious physical injuries, torn ligaments in both of his legs, endured pain and suffering, been forced out of the heavy physical work of hauling cars and therefore lost past wages and had his earning capacity impaired.

21. As a result of his injuries and damages, Plaintiff has, among other things, temporary and permanent injuries and disabilities, temporary and permanent physical impairment and loss of enjoyment of life, has incurred medical bills, loss of past and future income and other economic damages, pain and suffering.

WHEREFORE Plaintiff respectfully moves this Honorable Court to enter judgment in his favor and against Defendant, for all damages allowed by law, including economic and non-economic damages, costs herein expended, for expert witness fees, and interest, all as provided by law from the date this action accrued to the date of satisfaction of the judgment, and as otherwise may be provided for by law, and for such other and further relief deemed just.

## JURY DEMAND

Plaintiff does not demand a jury trial.

Respectfully submitted on April 21, 2021 by:

*/s/ Jeffrey Scott Lasswell*
**Jeffrey Scott Lasswell**
Jeffrey Scott Lasswell, P.C.
104 S Cascade Avenue, Suite 202
Colorado Springs, CO 80903
Telephone: (719) 635-1245
E-mail:  lasswell@jslpc.com
Attorney for Plaintiff Dwayne A. Keinon